UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHAKHA DANNY JAMES, Petitioner | CIVIL DOCKET NO. 1:20-CV-065-P |
| VERSUS | JUDGE DRELL |
| JAMES LEBLANC, *ET AL.*, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Chakha Danny James ("James") (#409338). James is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. James challenges his sentence imposed in the Ninth Judicial District Court, Rapides Parish.

Because James's Petition (ECF No. 1) is meritless, it should be DENIED and DISMISSED WITH PREJUDICE.

## I.   Background

James was 17 years old when he and three co-defendants killed Shelby McCann. *See James v. Cain*, 1:15-CV-276, ECF No. 20 at 7; No. 10-6 at 8, 26. After pleading guilty to second-degree murder in 1999, James was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence, in accordance with Louisiana Revised Statute 14:30.1. *See* ECF No. 1-2 at 2; *James v. Cain,* 1:15-CV-276, ECF No. 20 at 7; No. 11 at 29. Under the law at the time of

sentencing, the fact that James was a juvenile was not considered. *See James v. Cain,* 1:15-CV-276, ECF No. 20 at 8.

After the United States Supreme Court decided *Miller v. Alabama*, 132 S.Ct. 2455 (2012), James filed a "Motion to Correct Illegal Sentence" in the Ninth Judicial District Court. *See id.*, ECF No. 20 at 6; No. 11-7 at 11. The motion was denied. *See id.*, ECF No. 12 at 24. James sought writs in the Louisiana Third Circuit Court of Appeal, which were denied. *See James v. Cain*, 1:15-CV-276, ECF No. 12-3 at 4. The Louisiana Supreme Court also denied writs. *State ex rel. James v. State*, 2014-0841 (La. 1/9/15); 157 So.3d 594.

James then filed a petition for writ of habeas corpus under § 2254 in this Court on the grounds that *Miller* applies retroactively. The Court ordered that, under *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), James must be granted a conditional writ of habeas corpus and discharge from custody unless the State of Louisiana resentenced him or ordered that he be given the benefit of the possibility of parole in accordance with *Montgomery*. *See James v. Cain,* 1:15-CV-276, ECF No. 23.

The state court granted James parole eligibility, and James's subsequent writ applications were denied by the Louisiana Third Circuit Court of Appeal and the Louisiana Supreme Court. *State v. James*, 2017-1062 (La.App. 3 Cir. 4/18/18), *writ denied*, 2018-0850 (La. 12/3/18); 257 So.3d 195.

In his § 2254 Petition, James challenges his life sentence, imposed with the possibility of parole.

## II.    Law and Analysis

### A.    James's Petition (ECF No. 1) is subject to dismissal under Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by the Court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).

### B.    The Court must conduct a deferential review under 28 U.S.C. § 2254.

An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that the applicant is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).  The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings or to substitute its own opinions for the determinations made by the trial judge.  *See Davis v. Ayala*, 135 S. Ct. 2187, 2202 (2015) (citing *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)).

Under § 2254 and the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal

3

law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See Martin v. Cain*, 246 F.3d 471, 475-76 (5th Cir. 2001), *cert. den.*, 534 U.S. 885 (2001). Therefore, § 2254(d) demands an initial inquiry into whether a prisoner's claim has been "adjudicated on the merits" in state court; if it has, AEDPA's highly deferential standards apply. *See Davis*, 135 S. Ct. at 2198 (citing *Richter*, 562 U.S. at 103).

When a federal claim has been presented to a state court and the state court has summarily denied relief without a statement of reasons, it may be presumed that the state court adjudicated the claim on the merits, in the absence of any indication or state law procedural principles to the contrary. *Richter*, 562 U.S. at 99. A habeas court must determine what arguments or theories supported, or could have supported, the state court's decision, and whether it is possible fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *See Richter*, 562 U.S. at 102. Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden must be met by showing there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98.

A state court decision is "contrary to" clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at

4

a result different from Supreme Court precedent.  A state court decision falls within the "unreasonable application" clause when it unreasonably applies Supreme Court precedent to the facts.  *See Martin*, 246 F.3d at 476; *see also Rivera v. Quarterman*, 505 F.3d 349, 356 (5th Cir. 2007), *cert. den.*, 555 U.S. 827 (2008).

A federal habeas court making the unreasonable application inquiry should determine whether the state court's application of clearly established federal law was objectively reasonable. A federal court cannot grant habeas relief simply by concluding that the state court decision applied clearly established federal law erroneously. Rather, a court must conclude that such application was also unreasonable. *See Martin*, 246 F.3d at 476. An unreasonable application is different from an incorrect one. *See Bell v. Cone*, 535 U.S. 685, 694 (2002). When a state court determines that a constitutional violation is harmless, a federal court may not award habeas relief under § 2254 unless the harmlessness determination itself was unreasonable. *See Mitchell v. Esparza*, 540 U.S. 12, 18 (2003); *see also Davis*, 135 S. Ct. at 2199 (citing *Fry v. Pliler*, 551 U.S. 112, 119 (2007)).

**C.**   **James's sentence does not conflict with the Supreme Court's decisions in *Miller* or *Montgomery*.**

In *Miller*, the Supreme Court held that a mandatory life sentence without parole violates the Eighth Amendment's prohibition on cruel and unusual punishment if the offender was under 18 years of age at the time the offense was committed. *See Miller*, 567 U.S. at 465. *Miller* did not prohibit a court's ability to impose a life sentence without parole. Rather, *Miller* held that, before sentencing a juvenile offender to life without parole, the court must consider how children are

5

different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison. *Id.* at 480.

James's sentence was amended to include the possibility of parole. Thus, his sentence is not unconstitutional under *Miller*. In fact, in *Montgomery,* the United States Supreme Court said that a state may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. 136 S. Ct. at 736. Allowing these offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity—and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment. *Id.* at 734. Thus, James's sentence is in accord with federal law, and the state's application of that law was not unreasonable.

### D.   <u>James was not deprived due process.</u>

James claims that he did not receive "fair warning and protection," and received an *ex post facto* application of parole guidelines. ECF No. 1. The elements of second-degree murder have not changed since James was convicted. The only change in the law is that the trial court can now allow a juvenile defendant to have the possibility of parole. After *Miller* and *Montgomery*, James's sentence was revised to allow the possibility of parole.

An *ex post facto* law is "a law that applies retroactively, especially in a way that negatively affects a person's rights, as by making into a crime an action that was legal when it was committed or increasing the punishment for past conduct." Black's Law Dictionary (11th ed. 2019). Article I, Section 10 of the United States

Constitution and Article I, Section 23 of the Louisiana State Constitution prohibit *ex post facto* application of the criminal law by the state.

"The focus of the *ex post facto* inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable." *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790; *State ex rel. Olivieri v. State*, 00-0172 (La. 02/21/01), 779 So.2d 735, *cert. denied*, 533 U.S. 936 (2001). There is no *ex post facto* violation here as James's sentence was decreased, not increased, as a result of the Supreme Court's decisions. Thus, the new law has not negatively affected James's rights, and the appellate court's finding was not an unreasonable application of federal law.

### E.    James was not entitled to present mitigating factors.

*Miller* provided that the Eighth Amendment does not prohibit a court from imposing a sentence of life imprisonment with the opportunity for parole for a juvenile homicide offender, nor does it require the court to consider the mitigating factors of youth before imposing such a sentence. 246 F.3d at 476. Instead, a sentencing court's obligation to consider youth-related mitigating factors is limited to cases in which the court imposes a sentence of life, or its equivalent, without parole. *Montgomery*, 136 S.Ct. at 736. The trial court imposed a life sentence with the possibility of parole. Thus, James did not have a right to present mitigating factors.

## III.    Conclusion

Because James's Petition (ECF No. 1) is meritless, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  See 28 U.S.C. § 2253(c)(2).  A

courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 6th day of April 2020.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE